[L. A. No. 13651.   In Bank.—October 28, 1932.]

EVA M. SNYDER, Appellant, v. GUY SNYDER, Respondent.

William Ellis Lady for Appellant.

W. H. Abrams for Respondent.

SHENK, J.—Motion by the defendant, in advance of the filing of his brief as the respondent, to affirm an order of the trial court reducing the amount required to be paid by him to the plaintiff in a divorce action.

The plaintiff sued the defendant for a divorce on the grounds of cruelty and nonsupport. An interlocutory decree was granted wherein the defendant was required to pay to the plaintiff monthly the sum of $50 as alimony and for the support of a minor child. In due time a final decree was entered. Thereafter the defendant applied for an order reducing the required payments to $20 per month. The application was denied. Later on he renewed the application, which was granted, and the judgment was modified so as to require the defendant to pay $30 per month to the plaintiff for the support of the child, but no payment was required on account of alimony.

The plaintiff filed a notice of appeal from the modified order and at the same time filed with the clerk a request to prepare a transcript of the record, including a copy of the judgment-roll in the divorce action and a copy of all papers and orders of the court relating to the presentation, hearing and making of the order appealed from. The record was prepared as requested. The judgment-roll was certified as correct by the clerk. By a separate document the clerk certified to the correctness of the copies of the other matter of record requested to be included by the plaintiff. The judge who heard the motion and made the order appealed from, certified "that the papers contained in the foregoing transcript are full, true and correct copies of the originals on file in the office of the county clerk of Los Angeles County, and that all thereof, and no others, were considered by the

618

court upon the hearing of the order to show cause mentioned above'', being the order to show cause why the payment required of the defendant should not be reduced.

.The order to show cause was made and heard on affidavits and the record in the divorce action. No stenographic reporter was present at the hearing. The defendant insists that the record so prepared and certified is not a bill of exceptions, nor is it a transcript prepared pursuant to the provisions of section 953a et seq. of the Code of Civil Procedure. The document of certification by the trial judge is headed ''Proceedings had on the hearing of the order to show cause dated February 2, 1932,'' and purports to set forth at length what took place at the hearing. ■ This certification is broader than necessary and in so far as it purports to be a bill of exceptions, it is not binding on the defendant and is not prejudicial to his cause on appeal.

■ Assuming that the record is not one prepared strictly in conformity with the requirements of section 953a of the Code of Civil Procedure and is somewhat unusual in form, it is enough to say that it is a record on an appeal from an order, made after final judgment, and is certified by the clerk as provided in section 953 of the Code of Civil Procedure; and is also certified by the trial judge as containing the only record considered on the hearing and that the whole was so considered. As such it is deemed a sufficient record on the appeal.

■ The defendant contends that he received no notice of the settlement or certification of this record. He states that if he had received such notice he would have objected to the ''form'' thereof. It may be conceded that the form is somewhat irregular and that upon his objection a portion thereof should have been omitted. But the inclusion of the objectionable part will, as indicated, create no prejudice to his cause on the appeal. As it contains all of the matter properly to be considered on the appeal, the motion to affirm should be denied. The appellant's brief raises questions of substance to be considered on the appeal on its merits.

The motion is denied.

Waste, C. J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Tyler, J., *pro tem.,* concurred.